**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| FOWLER WOODS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| INTERNET RADIO INC., | § § | |
| BLASTRO, INC., | § | **JURY TRIAL DEMANDED** |
| BACKFLIP STUDIOS, INC., | § | |
| FLUENT MOBILE, INC., | § | |
| ULOCATE COMMUNICATIONS, INC., | § | |
| ONECAST, INC., | § | |
| POPCAP GAMES, INC., | § | |
| MYSIMBOOK.COM, LLC, | § | |
| SLACKER, INC., | § | |
| and | § | |
| PANDORA MEDIA, INC., | § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Fowler Woods LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Internet Radio Inc., Blastro, Inc., BackFlip Studios, Inc., Fluent Mobile, Inc., uLocate Communications, Inc., Onecast, Inc., PopCap Games, Inc., MySimbook.com, LLC, Slacker, Inc. and Pandora Media, Inc. (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.      This is a patent infringement action to stop Defendants' infringement of

Plaintiff's United States Patent No. 6,351,736 entitled "System and Method for Displaying

Advertisements with Played Data" (the "'736 patent"; a copy of which is attached hereto as

Exhibit A).  Plaintiff is the exclusive licensee of the '736 patent with respect to the Defendants.

Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.      Plaintiff is a limited liability company organized and existing under the laws of

the State of Delaware.  Plaintiff maintains its principal place of business at 170 Kinnelon Road,

Suite 13, Kinnelon, New Jersey 07405.  Plaintiff is authorized to do business in Texas.  Plaintiff

is the exclusive licensee of the '736 patent with respect to the Defendants, and possesses the

right to sue for infringement and recover past damages.

3.      Upon information and belief, Internet Radio, Inc. ("Internet Radio") is a

corporation organized and existing under the laws of the State of Texas, with its principal place

of business located at 2745 North Dallas Parkway, Suite 600B, Plano, Texas 75093.

4.      Upon information and belief, Blastro, Inc. ("Blastro") is a corporation organized

and existing under the laws of the State of Texas, with its principal place of business located at

609 West 18th Street, Suite C, Austin, Texas 78701.

5.      Upon information and belief, BackFlip Studios, Inc. ("BackFlip") is a corporation

organized and existing under the laws of the State of Delaware, with its principal place of

business located at 3000 Pearl Street, Suite 202, Boulder, Colorado 80301.

6.      Upon information and belief, Fluent Mobile, Inc. ("Fluent") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at Ten Post Office Square, 8th Floor, Boston, Massachusetts 02109.

7.      Upon information and belief, uLocate Communications, Inc. ("uLocate") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 60 Canal Street, 2nd Floor, Boston, Massachusetts 02114.

8.      Upon information and belief, Onecast, Inc. ("OneCast") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 10519 NE 38th Place, Building 12, Kirkland, Washington 98033.

9.      Upon information and belief, PopCap Games, Inc. ("PopCap") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 2401 4th Avenue, Suite 810, Seattle, Washington 98121.

10.     Upon information and belief, MySimbook.com, LLC ("MySimbook") is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business located at 600 Jefferson Street, Suite 1001, Lafayette, Louisiana 70501.

11.     Upon information and belief, Slacker, Inc. ("Slacker") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16935 West Bernardo Drive, San Diego, California 92127.

12.     Upon information and belief, Pandora Media, Inc. ("Pandora") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2101 Webster Street, Suite 1650, Oakland, California 94612.

## JURISDICTION AND VENUE

13.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

14.     The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

15.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

16.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

17.     The '736 patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2002 after full and fair examination.  Plaintiff is the exclusive licensee of the '736 patent with respect to the Defendants, and possesses all rights of recovery under the '736 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

18.     Upon information and belief, Internet Radio has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website choiceradio.com.  Upon information and belief, Internet Radio has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

19.     Upon information and belief, Blastro has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the websites blastro.com, roxwel.com, and yallwire.com.  Upon information and belief, Blastro has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced

others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

20.    Upon information and belief, BackFlip has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via Paper Toss. Upon information and belief, BackFlip has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

21.    Upon information and belief, Fluent has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via Fluent News. Upon information and belief, Fluent has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

22.    Upon information and belief, uLocate has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via Where. Upon information and belief, uLocate has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

23.     Upon information and belief, Onecast has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website 1cast.com.  Upon information and belief, Onecast has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

24.     Upon information and belief, PopCap has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website popcap.com.  Upon information and belief, PopCap has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

25.     Upon information and belief, MySimbook has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website radiolicious.fm and the Radiolicious mobile application.   Upon information and belief, MySimbook has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

26.     Upon information and belief, Slacker has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website slacker.com and the Slacker mobile application.  Upon information and belief, Slacker has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

27.     Upon information and belief, Pandora has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website pandora.com.  Upon information and belief, Pandora has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

28.     Upon information and belief, to the extent any Defendants lacked actual knowledge of the '736 Patent prior to this lawsuit, at a minimum they had constructive notice of the '736 Patent by operation of at least 35 U.S.C. § 287.

29.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

30.     Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which,

by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     Defendants' infringement of Plaintiff's exclusive rights under the '736 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

32.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '736 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B.     An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C.     That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest,

and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '736 patent;

E.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F.     Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: February 1, 2010                    By: /s/ Andrew Spangler
                                           Andrew W. Spangler
                                           Texas State Bar No. 24041960
                                           **SPANGLER LAW P.C.**
                                           208 N. Green Street, Suite 300
                                           Longview, Texas 75601
                                           Telephone: 903-753-9300
                                           Facsimile: 903- 553-0403
                                           spangler@spanglerlawpc.com

                                           **ATTORNEY FOR PLAINTIFF
                                           FOWLER WOODS LLC**